UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACK L. CRIBBS,

    Plaintiff,

v.                              CASE No. 8:07-CV-1745-T-TGW

MICHAEL J. ASTRUE
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.* Because the decision of the Commissioner of Social Security does not adequately evaluate the plaintiff's mental impairment, it will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was sixty-two years old at the time of the administrative hearing and who has a high school education and one year of college, has worked as an electrician (Tr. 129, 139-40). He filed a claim for

_____

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

Social Security disability benefits, alleging that he became disabled due to depression, diabetes, and high blood pressure (Tr. 239). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has a severe impairment of a mood disorder through October 2004, but not thereafter (Tr. 122). With respect to this impairment, the law judge determined that, prior to November 1, 2004, the plaintiff had the residual functional capacity to perform all basic work with the limitation of infrequent exposure to public interaction (<u>id.</u>). Based on the testimony of a vocational expert, the law judge found the plaintiff was able to perform his past work as an electrician (<u>id.</u>). The law judge also concluded that as of November 1, 2004, the plaintiff's mental condition improved and that he was no longer under a severe impairment (<u>id.</u>). The plaintiff was therefore found to be not disabled (<u>id.</u>).

The plaintiff submitted additional evidence to the Appeals Council. However, the Appeals Council found the information did not provide a basis for changing the law judge's decision and, therefore, denied

the plaintiff's request for review (Tr. 4, 5-8). This meant that the law judge's decision was the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on several grounds. Some of the contentions identify errors in the decision and some do not. Only one justifies a reversal.

The plaintiff asserts that the law judge failed properly to consider the determination by the Department of Veterans Affairs ("VA") that he has a service-connected disability for depression of 70%, with an additional 30% for unemployability (Doc. 18, pp. 19-20). This was an increase of a rating of a 30% disability. While the disability decisions of the VA are not binding on the law judge, 20 C.F.R. 404.1504, the court of appeals has said that VA disability determinations must be given great weight. Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. 1981). The Fifth Circuit explicated this principle in Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001):

> In *Rodriguez* and its progeny, we have sometimes referred to a VA disability determination as being entitled to "great weight." While this is true in most cases, the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case. Since the regulations for disability status differ between the SSA and the VA, ALJs need not give "great weight" to a VA disability determination if they adequately explain the valid reasons for not doing so.

See also Pearson v. Astrue, 271 Fed.Appx. 979 (11th Cir. 2008).

In this case, the law judge stated (Tr. 119):

"The VA had his disability rating at 30%, actually less than half of their estimate for the present level. (I do take administrative judicial notice that such pensions are routinely raised in favor of the former soldier, even if the condition does not grossly worsen).

There is no indication in this comment that the law judge was required to give great weight to the VA's rating unless he set forth adequate reasons for giving the rating less weight. Moreover, the law judge did not acknowledge that obligation anywhere else in his decision. Thus, the decision does not show that the law judge applied the proper legal standard with respect to the VA rating.

Moreover, the only purported justification for discounting the VA rating was the parenthetical remark that "pensions are routinely raised in favor of the soldier, even if the condition does not grossly worsen." This comment does not support the disregarding of the VA rating.

In the first place, before the law judge can take administrative notice of certain facts, he must inform the plaintiff of that action and give the plaintiff an opportunity to controvert the facts being noticed. Fruge v. Harris,

631 F.2d 1244 (5th Cir. 1980). There is no indication in the record that such an opportunity was afforded here.

In any event, a belief that VA awards "are routinely raised in favor of the soldier" is not the type of fact (if it is a fact) that is properly the subject of administrative notice. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201(b), F.R.E.; see also Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997). While this rule does not apply directly to administrative proceedings, it plainly reflects the general principle concerning administrative notice. The law judge's notion of what treatment the VA affords former military personnel in assigning disability ratings is not the type of indisputable fact that can be the subject of administrative notice.

The law judge therefore erred in his consideration of the plaintiff's VA rating. This error warrants reversal. To conclude that the error was harmless would render meaningless the Eleventh Circuit's requirement that VA ratings be given great weight unless adequate reasons are provided for not doing so.

The plaintiff also makes a persuasive argument that the law judge's conclusion that the plaintiff is no longer under a severe mental impairment as of November 1, 2004, is not supported by substantial evidence (Doc. 18, pp. 8, 18-19). The law judge on this issue concluded that the plaintiff's mental impairment was severe from his onset date in 2000 through October 31, 2004 (Tr. 122). He determined further that the plaintiff regained nearly normal mental functioning on November 1, 2004, concluding that, thereafter, his mental condition was not severe (Tr. 121). However, the evidence of record does not support that conclusion.

The court of appeals has stated that "an impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). The plaintiff challenges the law judge's determination that the plaintiff only had a nonsevere mental impairment as of November 1, 2004 (Doc. 18, pp. 18-19).

As support for this conclusion, the law judge noted (Tr. 117):

> While the treating nurse still did cite serious difficulties, she and her psychiatric superior also alluded to his improvement in the fall of 2004, and

> did not claim as extreme a problem at present (Exhibit 9F). I adopt her concession in that regard, in view of the recent evidence.

However, as the plaintiff correctly points out, this statement is clearly wrong; Exhibit 9F does not allude to any improvement in the plaintiff's mental condition. The report in Exhibit 9F is a psychiatric review technique form for the period of May 20, 2002, to November 1, 2004, made by treating nurse practitioner, Jeanne R. Botz, co-signed by Dr. Ronald Boral, a psychiatrist (Tr. 366-79). Botz began treating the plaintiff in 2002 and diagnosed the plaintiff with resistant major depression disorder. Botz opined on the form that the plaintiff meets listing 12.04 and concluded that his mental condition had markedly affected his activities of daily living and social functioning (Tr. 376). Botz wrote also that the plaintiff may have moderate difficulty maintaining concentration, persistence, or pace (id.). She stated on the form that his longstanding resistant depression renders him unable to function outside the home (Tr. 378). There is nothing in the submission that even remotely hints that the plaintiff's mental condition improved on November 1, 2004. The only reason Botz and psychiatrist Boral limited their assessment to November 1, 2004, is that that was the date they completed the form.

Significantly, on that same date (November 1, 2004), Botz assessed the plaintiff and, among other things, gave him a Global Assessment of Functioning ("GAF") score of 50 (Tr. 381). A score of 50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Diagnostic and Statistical Manual of Mental Disorders, (DSM-IV-TR) (4th ed., Text Revision), p. 34. Such a score is inconsistent with a finding that the plaintiff had no more than mild limitations that day. Moreover, Botz, as well as a psychiatrist, submitted on August 11, 2005, a Mental Impairment Questionnaire that opined that the plaintiff had marked and moderate mental limitations (Tr. 537-38).

Although the plaintiff has demonstrated that the law judge clearly erred in finding that the plaintiff did not have a severe mental impairment as of November 1, 2004, that conclusion, by itself, does not warrant a reversal. Thus, while the evidence does not show that the plaintiff's mental status improved on November 1, 2004, neither does it show that it deteriorated after that date. Consequently, the plaintiff's residual functional capacity and the vocational expert's opinion would presumably remain the

same after November 1, 2004. Accordingly, the clear error that the plaintiff did not have a severe mental impairment does not support a remand. Nevertheless, the error undermines confidence in the decision and bolsters the conclusion that the error regarding the VA rating warrants a remand.

While the decision is subject to criticism on other points, those mistakes would not justify a reversal. Accordingly, they need not be addressed.

However, it is necessary to consider the plaintiff's argument that opinions have been rendered by VA personnel that the plaintiff meets, or equals, an Appendix 1 listing (Tr. 366-78, 534-39). If that were so, the plaintiff would have a very serious mental illness that would result in a finding of disabled without regard to vocational considerations. See 20 C.F.R. Part 404, Subpart P, App. 1. The law judge has provided a reasonable basis for discounting those opinions (Tr. 118-19).

As the law judge correctly noted, the principal author of those opinions was an ARNP. Under the regulations, she was not an acceptable medical source, 20 C.F.R. 404.1513, and the law judge therefore could discount her opinions. Further, while the opinions were also signed by psychiatrists, the records do not show that the plaintiff was actually examined

by those psychiatrists. In all events, the law judge could easily, and reasonably, conclude that the progress notes prepared by the ARNP do not support a mental impairment reaching listing level.

Finally, the plaintiff has filed a motion to remand, pursuant to 42 U.S.C. 405(g), based upon medical records submitted to this court from late 2007 and 2008 (Doc. 19-2). Those records reflect, among other things, a suicide attempt. However, as the Commissioner notes, the records are remote in time from the law judge's October 7, 2005, decision. Consequently, whether the records are material is problematic. In any event, since the conclusion has already been made that a remand is warranted, it is not necessary to resolve that issue. Accordingly, the motion will be denied as moot. Of course, the material can be submitted on remand.

It is, therefore, upon consideration

ORDERED:

1. That the Commissioner's decision is hereby REVERSED and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and close this case.

2. That the Motion to Remand (Doc. 19) is hereby DENIED as moot.

DONE and ORDERED at Tampa, Florida, this 20th day of December, 2008.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE